UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| BENJAMIN ISAAC PEPPERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:20-cv-718-GMB ) |
| KILOLO KIJAKAZI,[1] Commissioner, Social Security Administration, | ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM OPINION

In 2001, Benjamin Isaac Peppers began receiving child disability benefits based on his speech impairment and bilateral hearing loss. At a continuing disability review in May 2008, Peppers' benefits continued based on his congenital hearing loss and severe receptive/expressive language disorder. When he turned 18 years old, Peppers underwent a disability redetermination under the adult standards for initial claims. 42 U.S.C. § 1382c(A)(3)(H)(iii). Upon review and reconsideration, the Social Security Administration determined that Peppers did not meet the eligibility requirements for Supplemental Security Income ("SSI") under the disability rules for adults as of December 1, 2015.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Peppers appealed and requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on March 1, 2017, and afterward found that Peppers was no longer disabled as of December 1, 2015. Peppers requested a review of the ALJ's decision by the Appeals Council, which granted his request and remanded his case to the ALJ on July 8, 2018. The ALJ held a hearing on May 6, 2019, and entered a second decision on July 8, 2019, finding that Peppers' disability ended on December 1, 2019. The Appeals Council declined review on January 29, 2020. As a result, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner") as of January 29, 2020.

Peppers' case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Under 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of a United States Magistrate Judge. Doc. 18. Based on a review of the parties' submissions, the relevant law, and the record as a whole, the court concludes that the decision of the Commissioner is due to be affirmed.

## I. STANDARD OF REVIEW[2]

The court reviews a Social Security appeal to determine whether the

---

[2] In general, the legal standards are the same whether a claimant seeks DIB or Supplemental Security Income ("SSI"). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to reference the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in excerpted court decisions.

Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (citation and internal quotation marks omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must scrutinize the entire

3

record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Grant v. Astrue*, 255 F. App'x 374, 375–76 (11th Cir. 2007) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

Section 1614(a)(3) of the Social Security Act ("the Act") provides that individuals who are eligible for SSI benefits under the age of must have their disability redetermined under the rules for adult disability in order to continue to receive disability benefits after reaching age 18. Section 1614(a)(3)(H) of the Act also provides that the medical improvements review standard in section 1614(a)(4) does not apply to disability redeterminations at age 18. Instead, the definition of disability used for adults filing new applications for SSI benefits applies.

A five-step process determines whether an individual of age 18 or older is

4

disabled. 20 C.F.R. § 416.920(a).  The first step applies to individuals who are engaging in substantial gainful activity. 20 C.F.R. § 416.920(b).  This step is not used for redetermining disability at age 18. 20 C.F.R. § 416.987(b).  At step two, the ALJ must decide whether the claimant has any impairment[3] or a combination of impairments significantly limiting his physical or mental ability to do basic work activities.  If the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. § 416.920(c).

At step three, the ALJ must determine whether the claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 416.920(d), 416.920, 416.926.  If the impairments do meet or equal the criteria of a listing and also meet the duration requirement, the claimant is disabled. 20 C.F.R. § 416.909.  If the impairments do not, the analysis proceeds to the next step.  At step four, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).  Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 416.920(a)(4)(v).  Peppers bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen*

---

[3] A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

*v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

## III.  RELEVANT FACTUAL BACKGROUND

Peppers turned 18 years old on September 5, 2015 and was 21 years old on the date of decision. R. 28, 308.  Peppers graduated from high school and attends the Alabama Institute for the Deaf and Blind, but he has never been employed. R. 44, 49, 300, 312, 386.  Peppers alleges that he is disabled due to a hearing impairment. R. 311.

The ALJ issued his decision on July 8, 2019. R. 28.  As explained above, step one does not apply because Peppers is seeking to redetermine his disability after reaching age 18.  At step two, the ALJ concluded that Peppers suffers from the severe impairments of sensorineural hearing loss with bilateral cochlear implants and specific learning disorder.[4]  R. 19–20.  The ALJ noted that these medically determinable impairments cause more than minimal limitations in Peppers' ability to perform basic work activities. R. 19.  But the ALJ concluded at step three of the analysis that none of Peppers' impairments satisfied or medically equaled the severity of one of those listed in the applicable regulations. R. 20–22.

Before proceeding to the fourth step, the ALJ determined that Peppers had the residual functional capacity ("RFC") to perform a limited range of medium work.

---

[4] The ALJ found Peppers' other alleged impairments to be non-severe. R. 20.  Peppers does not challenge these findings.

6

R. 22. More specifically, the ALJ found that Peppers had the following limitations with respect to medium work, as defined in 20 C.F.R. § 416.967(c):

> [H]e would be precluded from climbing ladders, ropes or scaffolds and would be precluded from exposure to hazardous and moving machinery and unprotected heights. He can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He is limited to working in jobs in the moderate noise category as defined in the selected characteristics of occupations. These jobs should have no more than occasional verbal communication in the work setting. He can understand, remember, and carry out simple instructions and that activity can be sustained for two hours with normal mid-morning, lunch, and afternoon breaks sustained over an eight hour day. Decision-making should be occasional as would interaction with the public. Changes should be less than occasional, or infrequent, in nature.

R. 22. At the fourth step, the ALJ considered Peppers' age, education, work experience, and RFC in determining that there are jobs that he can perform that exist in significant numbers in the national economy. R. 27. Therefore, the ALJ concluded that Peppers' disability ended on December 1, 2015, and he has not become disabled again since that date. R. 28.

## IV. DISCUSSION

Peppers makes four arguments in favor of remand: (1) the ALJ improperly assessed his mothers' testimony; (2) the ALJ did not give proper weight to the consultative report of Dr. June Nichols; (3) the ALJ did not give proper weight to a teacher questionnaire from the Alabama Institute for the Deaf and Blind; and (4) the ALJ's reliance on a vocational expert's testimony was in error because it was not based on a correct or full statement of Peppers' limitations and impairments.

Doc. 13 at 17–28.  The court addresses each argument in turn, and ultimately finds that substantial evidence supports the ALJ's determinations and that the ALJ applied the proper standards to reach his conclusions.

**A.     Peppers' Mother's Testimony**

Peppers argues that the ALJ erred because he did not articulate reasons for accepting or rejecting his mother's testimony or explain the weight he assigned to it.  Doc. 13 at 17–19; Doc. 19 at 3–5.  A family member's testimony is evidence of a claimant's subjective allegations of pain, limitations, or other complaints.  *See Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).  Where an ALJ fails to make an explicit credibility determination related to a family member's testimony, this is not error if the credibility determination was implicit in the rejection of the claimant's testimony.  *Allen v. Schweiker*, 642 F.2d 799 (5th Cir. 1981) (Unit B).[5]

Peppers is correct that the ALJ did not make an explicit credibility finding and did not state the weight accorded to his mother's testimony even though he discussed her testimony from both hearings.  The ALJ's decision would have benefitted from doing so.  This being said, the ALJ's rejection of Peppers' statements on the intensity, persistence, and limiting effects of his symptoms implicitly discounted the testimony of his mother , as evidenced by the ALJ's discussion of other evidence in

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down on or before September 30, 1981.

the record.[6] *See Allen*, 642 F.2d at 801.  In particular, the ALJ found that the two teachers' questionnaires were probative of Peppers' functioning because of their close contact and personal knowledge of his impairments, activities, and level of functioning over a period of time. R. 25.  The ALJ also noted more recent evidence showing that Peppers "has made consistent improvement in his ability to engage in various work activities, [has been] given vocational training, such as replacing computer hardware, changing oil in a car, and performing kitchen helper work," and "has also learned to manage his own finances and keep account balances." R. 25.  While the ALJ acknowledged some difficulties in these areas, he noted that Peppers "has displayed the documented ability to perform those tasks." R. 25.

    In summary, the record makes clear that the ALJ reviewed and considered Peppers' mother's testimony. R. 23–26.  The ALJ's failure to specify the weight he assigned to her testimony was not error considering his other findings related to Peppers' contention that he has a disabling impairment.  Therefore, reversal is not warranted on this claim.

---

[6] Additionally, the court notes that Peppers' mother is not an "acceptable medical source" as defined in 20 C.F.R. § 416.913(a) and is not entitled to the weight given to treating physicians or the weight given to other medical professionals. *See* SSR 06–03p.

**B.     Consulting Physician's Opinion**[7]

Peppers next contends that the ALJ did not accord proper weight to the opinion of Dr. June Nichols, a consulting psychologist. Doc. 13 at 19–24. "The opinions of non-examining, non-reviewing physicians are entitled to little weight when contrary to those of an examining physician, and taken alone, they do not constitute substantial evidence." *Forrester v. Comm'r of Soc. Sec.*, 455 F. App'x 899, 901 (11th Cir. 2012). A doctor's opinion may be discounted based on the length and frequency of the treatment relationship and the nature and extent of the treatment relationship. 20 C.F.R. § 404.1527(c)(2). A physician who saw the claimant on a single occasion is not considered a treating physician, and his opinion is not entitled to great weight. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004).

First, the court finds that Peppers abandoned his challenge to the ALJ's consideration of Dr. Nichols' opinion. "[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). "[A]n appellant's brief must include an argument containing appellant's

---

[7] On January 18, 2017, the Social Security Administration published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844; *see also* 82 Fed. Reg. 15132 (March 27, 2017) (amending and correcting the final rules published at 82 Reg. 5844). Because these final rules are effective as of March 27, 2017 and Peppers applied for benefits before that date, the new rules do not apply here.

10

contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (quotation marks omitted). A recent panel of the Eleventh Circuit, in an unpublished opinion, applied *Singh* to find that the plaintiff abandoned an issue on appeal "because her initial brief simply mentions the issue without providing any supporting argument."[8] *Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019) (citing *Singh*, 561 F.3d at 1278–79); *see also Bailey v. Soc. Sec. Admin., Comm'r*, 2019 WL 5787955, at *1 n.1 (11th Cir. Nov. 6, 2019) (declining to address one of the plaintiff's arguments because she raised it "'in a perfunctory manner without supporting arguments'") (quoting *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–82 (11th Cir. 2014)); *Morgan v. Soc. Sec. Admin., Comm'r*, 2019 WL 1466259 (N.D. Ala. Apr. 3, 2019) (finding plaintiff abandoned her argument that the ALJ improperly considered her fibromyalgia where she identified no specific error with the ALJ's consideration of her impairment and did not explain why she believed the ALJ's evaluation ran afoul of SSR 12-2p).

In the section of her brief dedicated to this contention, Peppers references the summary of Dr. Nichols' testimony and excerpts the ALJ's opinion affording it some

---

[8] That finding did not form the sole basis for the panel's decision since it also found that the plaintiff's argument failed on the merits. *Sorter*, 773 F. App'x at 1073.

weight.[9] Doc. 13 at 19. Peppers offers no argument, however, for why the assignment of some weight was in error and does not identify the relevant portions of the medical opinion at issue. Peppers recites general principles of law governing an ALJ's treatment of medical experts and includes block quotations from other decisions on this issue, but he stops short of explaining how the ALJ erred in considering Dr. Nichols' opinion. Doc. 14 at 25–28. In fact, the brief does not provide any substantive analysis on this issue. This sort of perfunctory argument gives neither the Commissioner nor the court any guidance on Peppers' argument aside from the fact that he asserts error. For these reasons, the court finds that Peppers has abandoned this issue. *See Singh*, 561 F.3d at 1278 ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue . . . ."); *see also Sapuppo*, 739 F.3d at 681 ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

Even if the court were to attempt to guess at Peppers' argument, substantial evidence supports the decision to assign some weight to Dr. Nichols' opinion.

---

[9] Peppers' citation to *McClurkin v. Soc. Sec. Admin*, 625 F. App'x 960, 962 (11th Cir. 2015) is misplaced. In *McClurkin*, *id.*, the ALJ did not specify the weight given to the consultative examiner's opinion or explain his reasoning for affording it less weight than other opinions. Here, the ALJ expressly stated that he gave Dr. Nichols' opinion some weight and explained his reasons for discounting portions of her opinion and accepting other portions. R. 26.

Because Dr. Nichols was a consultative examiner and only saw Peppers on one occasion, her opinion is not entitled to any deference or special consideration. *See Crawford*, 363 F.3d at 1160; *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). The ALJ nevertheless gave the opinion of Dr. Nichols "some weight," discussed her report and opinions, and explained the reasons for crediting some portions of her opinion and discrediting others. R. 26. Specifically, the ALJ found that Dr. Nichols based her opinion not only on Peppers' mental limitations, but also in part on his hearing and speech difficulties, which largely have resolved through speech therapy and assistive hearing devices. R. 26. The ALJ gave little weight to Dr. Nichols' intellectual testing results, particularly the large gap between his verbal comprehension and perceptual reasoning scores, because she opined that this discrepancy may reflect the effect of his impaired hearing. R. 26. Even so, the ALJ incorporated many of Dr. Nichols' limitations into his RFC formulation. R. 25.

For the reasons discussed above, the court first finds that Peppers abandoned his argument as it relates to Dr. Nichols' opinion. In the alternative, the court finds that the ALJ did not err in according some weight to Dr. Nichols' opinion. The ALJ articulated his reasons for doing so and substantial evidence supports his finding that the record did not fully support Dr. Nichols' opinion.

**C.     Teacher Questionnaire**

Peppers also argues that the ALJ erred in giving little weight to a teacher

questionnaire from the Alabama Institute for the Deaf and Blind. Doc. 13 at 19–24. Again, the court finds that Peppers abandoned this argument by failing to provide any substantive analysis of the issue. Instead, Peppers identified portions of the questionnaire that noted "serious problems," but did not provide the court with any argument as to why the ALJ erred in his assessment of the questionnaire. "[S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes . . . consider[ation of] the issue." *Singh*, 561 F.3d at 1278.

Notwithstanding Peppers' abandonment of the issue, the ALJ's treatment of the teacher questionnaire was not in error. First, Peppers' case citations reference the weight given to medical opinions. Doc. 13 at 21–24. But teachers' opinions are nonmedical evidence. *See* 20 C.F.R. §§ 404.1513(a) & 416.913(a). The ALJ does not have any obligation to discuss this type of evidence. *Figueroa v. Comm'r of Soc. Sec.*, 819 F. App'x 870, 872 (11th Cir. 2020). As "other sources," teachers cannot establish the existence of a medically determinable impairment, produce medical opinions, or be considered a treating source. SSR 06-3p, 71 Fed. Reg. 45,593-03 (Aug. 9, 2006).[10] Instead, the ALJ "may" consider evidence from other sources relating the severity of an individual's impairments and how those impairments

---

[10] The court again acknowledges that SSR 06-3p was rescinded by 82 Fed. Reg. 15,263 (Mar. 27, 2017), but it was in effect during Peppers' administrative proceedings and is relevant to his appeal.

14

affect the individual's ability to function, but he is not required to do so. *Id.*

The ALJ did not commit any error in his consideration of the teacher questionnaire. The ALJ adequately discussed the questionnaire and found it to be "probative of the claimant's functioning." R. 25. While the ALJ did not address each of the restrictions in the teacher's questionnaire or discuss his reasoning for rejecting some of them, he was not required to do so. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision . . . ."). Because the ALJ considered Peppers' medical condition as a whole, the ALJ did not err in his consideration of the teacher questionnaire.

### D. Vocational Expert's Testimony

Peppers' final argument is that the VE's testimony is not supported by substantial evidence because it related an inaccurate and incomplete hypothetical. Doc. 13 at 25–27. Specifically, Peppers contends that "the hypothetical question relied upon did not accurately state claimant's pain level[11] or his residual functional capacity," but instead assumed he could work. Doc. 13 at 25. The court disagrees.

"[F]or a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's

---

[11] There is no evidence in the record that Peppers suffers from any sort of pain and Peppers provides the court with no argument to support this contention other than this statement.

15

impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). "The hypothetical need only include the claimant's impairments, not each and every symptom of the claimant." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007). Furthermore, the ALJ is "not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." *Crawford*, 363 F.3d at 1161.

Here, the ALJ found that the record evidence demonstrated that Peppers could perform jobs existing in significant numbers in the national economy, such as working as a housekeeper/cleaner, bagger, or floor waxer. R. 71–72. The ALJ's hypothetical questions to the VE accounted for Peppers' impairments and limitations as demonstrated by the medical evidence of record. This is all that is required. *See Peppers v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999); *McSwain*, 814 F.2d at 619–20 (11th Cir. 1987); *see also Borges v. Comm'r of Soc. Sec.*, 771 F. App'x 878, 883 (11th Cir. 2019) (holding that "because Borges's RFC, which is supported by substantial evidence . . . matched the ALJ's first hypothetical question at the hearing he did not need to rely on these more restrictive hypotheticals").

Peppers has not established that he had additional limitations beyond those incorporated into the RFC determination. He points to questions posed to the ALJ regarding limitations in an ability to follow simple instructions and interact with co-workers or supervisors (Doc. 13 at 25–27), but those extreme limitations are not

supported by the record and were properly rejected by the ALJ as inconsistent with the evidence of record. Because Peppers' RFC matched the ALJ's first hypothetical question at the hearing, the ALJ did not need to rely on more restrictive hypotheticals later posed to the VE. Peppers' argument is without merit.

## V.  CONCLUSION

For these reasons, the Commissioner's decision is supported by substantial evidence and based upon the proper legal standards. Accordingly, the decision of the Commissioner is due to be affirmed.

A final judgment will be entered.

DONE and ORDERED on September 22, 2021.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE